IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FLOYD A. SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 24, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1209014436 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 17, 2017
Decided: April 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 18th day of April 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Floyd A. Smith, filed this appeal from the Superior Court's December 30, 2016 order sentencing him for his second violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Smith's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on January 22, 2013, Smith pled guilty to three counts of Burglary in the Second Degree. For each burglary count, Smith

was sentenced, effective September 26, 2012, to eight years of Level V incarceration, suspended after one year for Level III probation. The sentencing order further provided that Smith was to be evaluated for substance abuse and follow any recommendations for treatment. Smith did not appeal the Superior Court's judgment.

(3) In March 2016, an administrative warrant was issued for Smith's first VOP. The warrant alleged that Smith had failed to request authorization to move out of state, failed to notify his probation officer of his change of address, tested positive several times for drugs, and failed to follow through with substance abuse treatment. On April 1, 2016, the Superior Court found Smith violated his probation.

(4) For the first count of Burglary in the Second Degree, Smith was sentenced to seven years and five months of Level V incarceration, suspended for one year of Level IV Crest, to be suspended upon successful completion for one year of Level III Crest Aftercare. For each of the other two counts of Burglary in the Second Degree, Smith was sentenced to seven years and five months of Level V incarceration, suspended for decreasing levels of supervision. The VOP sentencing order provided that the Treatment Access Center ("TASC") would evaluate and monitor Smith. Smith did not appeal the VOP sentence.

(5) In December 2016, an administrative warrant was issued for Smith's second VOP. The warrant alleged that Smith violated his probation by testing positive for opiates. On December 30, 2016, the Superior Court found that Smith violated his probation.

(6) For the first count of Burglary in the Second Degree, Smith was sentenced to six years and three months months of Level V incarceration, suspended for one year of Level V Inpatient Drug Treatment, to be suspended upon successful completion for one year of Level IV Crest, to be suspended upon successful completion for one year of Level III Crest Aftercare. For each of the other two counts of Burglary in the Second Degree, Smith was sentenced to seven years and five months of Level V incarceration, suspended for one year of Level Level III Crest Aftercare. This appeal followed.

(7) In his opening brief, Smith argues that: (i) he had completed the Level IV Crest program and was awaiting his release to Level III supervision at the time of his VOP; (ii) the Superior Court erred in sentencing Smith to Level V Inpatient Drug Treatment and Level IV Crest without obtaining a case study and without considering Smith's completion of the Level IV Crest program and mental health needs as raised by his counsel; and (iii) the length of his probation violates 11 *Del. C.* § 4333. These arguments are without merit.

3

(8)    As the appealing party, Smith was required to furnish "a transcript of all evidence relevant to the challenged finding or conclusion."[1]  Smith failed to request a transcript of the VOP hearing for this appeal.  To the extent Smith claims the Superior Court ignored his counsel's arguments at the VOP hearing, we cannot review those claims without a transcript of the hearing.[2]  As to Smith's suggestion that his positive test for opiates after his completion of the Level IV Crest Program could not constitute a VOP, Smith ignores that he was subject to TASC monitoring and his probation included successful completion of one year of Level III Crest Aftercare.

(9)    As to Smith's claim that the Superior Court erred in sentencing him to Level V Inpatient Drug Treatment and Level IV Crest without obtaining a case study, the Superior Court was not required to obtain a case study before sentencing him for his VOP.  Finally, the length of Smith's probation (one year of Level IV Crest and one year of Level III Crest Aftercare) did not violate 11 *Del. C.* § 1433.[3]

---

[1] Del. Supr. Ct. R. 14(e).

[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[3] 11 *Del. C.* § 4333(b)(1) (providing that length of probation for any violent felony, which is defined by Section 4201(c) to include Burglary in the Second Degree, shall be limited to two years); 11 *Del. C.* § 4333(g)(2) (providing that "the phrase 'period of probation or suspension of sentence' shall not include any period of a sentence that is designated by the sentencing court to be served at Supervision Accountability Level IV as defined in § 4204(c)(4) of this title").

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

5